### KAUFMAN v SMITH

Ohio Appeals, 2nd Dist, Darke Co

No 449. Decided July 16, 1934

74

S. E. Mote, Greenville, for plaintiff in error.

Jesse K. Brumbaugh, Greenville, for defendant in error.

MONTGOMERY, J, (5th Dist)
sitting by designation.

## OPINION

By BARNES, J.

The petition in error sets out eight separate specifications of error. In the brief of counsel for Mrs. Kaufman, these are restated under five specifications.

We have been favored with short but able and comprehensive briefs filed by counsel representing the respective parties.

We find no material variance between counsel upon the law controlling, but rather upon its application.

The following short narrative of the happenings in chronological order will present a clear picture of the basis of plaintiff's claim and the defense thereto.

Prior to all negotiations that eventually culminated in the trade of the farm for the grocery store, the defendant, Mrs. Kaufman had resided in Greenville and was connected as an employee or otherwise with the Photograph Studio of one Harry Folkerth. Sometime in the year 1931, she had moved to Bluffton, Indiana. It is in evidence that she arranged with Mr. Folkerth to look after the farm during her absence.

There is no evidence that she authorized Mr. Folkerth to represent her in any negotiations for sale. Furthermore, Mr. Folkerth testifies that he told Mr. George W. Farst, agent of plaintiff, Smith, that he had no such authority. In the absence of such authority, Mrs. Kaufman would not be bound by any negotiations between Folkerth and plaintiff, Smith, or his agent, Farst. Practically all of the testimony of Smith and his agent, Farst, as to negotiations for the trade of the farm were with Folkerth. Their testimony as presented in the record is very unsatisfactory. Each of them persistently refrain from giving responsive answers to questions propounded and the answers given by them are in the main, mere conclusions. The trial court sustaining the many objections on account of their failure to give responsive answers did not have the desired effect.

They each do, in one or two instances, present evidence of claimed conversations with Mrs. Kaufman relative to this proposed deal and if contradicted, while not very satisfactory, yet would possibly be sufficient to sustain the verdict. However, the record discloses that this pertinent testimony as to time, place and substance is denied in toto and in our judgment the great preponderance of the evidence is with the defendant, Mrs. Kaufman on this issue. Mrs. Kaufman says that she never talked to Smith about the trade and further that she never met him until after the contract for trade was executed. She also says that while she knows and had previously talked to Mr. Farst, there never was any talk about the trade which was finally accomplished.

She says that she never listed the farm for sale or trade with either Mr. Smith or his agent, Farst. There is no claim by the plaintiff or his agent that it was so listed. Mr. Harry Folkerth testifies that he told Mrs. Kaufman that the representation had been made to him, that no commission would be charged against her; that they expected to collect their commissions from Pryor.

There is nothing in the record from which it may be said that the rule of apparent authority would apply to Mr. Folkerth.

The only testimony the record discloses was that his authority was a limited one to manage the farm, not to sell it.

There is a rule of law very often referred to that agency can not be shown by the declarations of the agent. It is equally true that agency is not acquired merely by its assumption on the part of the claimed agent.

In addition to these fixed principles of law, we also have the direct testimony, undisputed, of Mr. Folkerth, that he advised the plaintiff, Smith, or his agent, that he had no power to negotiate a sale or trade.

Under the entire record, we can find that he assumed no other position than that of a friendly go between. The fact that he advised Mrs. Kaufman that no commission would be charged against her would not place her upon any further inquiry nor would she be in the position of having received something of value for which in justice she should render recompense.

We might make the further observation that the principle of quantum meruit can not possibly apply in this case. The commission can not be charged against Mrs. Kaufman in the absence of an agreement

to pay. The agreement would not need to be express, but it would require conduct of such a character as would clearly indicate the intention of plaintiff to charge and defendant to pay.

In arriving at our conclusion we have taken into consideration the notation in memorandum book introduced in evidence as an exhibit. This in itself is not evidence of the contract for commission, but is corroborative evidence of the claimed contract. In view of the fact that it is in dispute as to the time when notation at top of page was entered and in view of the further fact that the evidence of contract for commission is so vague, uncertain and doubtful, we are unable to conclude that this disputed evidence in the exhibit should change our conclusions.

In the instant case the burden of proof is upon the plaintiff. It is our conclusion that the great weight of the testimony is against the plaintiff.

We also call attention to another question of much importance.

The law is well recognized that a real estate broker can not collect commissions from both parties, unless he makes full disclosure of his intention so to do prior to the culmination of the deal. In the testimony of the plaintiff, Smith, we find a rather involved statement that this was the understanding. This is directly contradicted by Mr. Folkerth and Mrs. Kaufman saying that she never knew or talked with Mr. Smith prior to the deal. On this proposition the burden would likewise be upon the plaintiff and we think he fails in the requisite proof.

We also think the trial court could properly have admitted in evidence the proffered petition of plaintiff wherein action was brought against Pryor for commission growing out of this same deal. As we understand, the court based his ruling upon the theory that the plaintiff was admitting a dual agency. While this is true as to the plaintiff, the defendant was not admitting a dual agency.

This question first came into the case through an averment in the second defense of defendant's answer and the averment was denied in plaintiff's reply.

Under the issue thus presented, the defendant would have the right to present all the evidence she had on this issue.

The only effect of plaintiff's admission in his evidence of a dual agency was to cast upon himself the burden of proof that defendant knew of it before the consummation of the deal.

Under defendant's theory of the case,

there was not a dual agency and the proffered evidence would be in corroboration of that claim.

Referring to the claimed errors in the charge of the court, we find no prejudicial error. The instructions, we think, correctly state the law, although in some instances there might have been further elucidation. Under this situation it would be the duty of counsel for the defendant to make requests for such further charge in order to predicate error.

Since the case is to be retried, we think the court sua sponte should see that certain witnesses give answers that are responsive to questions asked and refrain from continuously giving conclusions. Being of the opinion that the verdict is against the manifest weight of the evidence, the judgment is reversed at costs of defendant in error and the cause remanded for new trial. Exceptions are allowed to defendant in error.

HORNBECK, PJ, and MONTGOMERY, J, concur.